

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00390-CV

———————————————

SAMUEL ANDERSON SR., Appellant

V.

BEN ALTOM, YOANNA CAMPOS, JESSICA COLON, JOHN DURR, JOVITA
FLORES, ADRIANNA HERNANDEZ, ANTHONY KEPLER, YAISELYM SOLIS,
TIFFANY STERLING, BILL TISDELL, AND STEVEN WHEELER, Appellees

---

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-363084-25

---

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

This defamation suit began at a Little League baseball game.

Appellee Steven Wheeler—a member of the local Little League board—asked Appellant Samuel Anderson Sr. to leave the park where the Little League games were being held, and when Anderson refused, Wheeler called the police. According to Anderson, Wheeler "[al[]lud[ed] to the police that [Anderson] may commit a crime or become some sort of threat or behavior." Based on this alleged defamation, Anderson filed suit against not only Wheeler but also numerous other members of the Little League board (collectively, the Board Members).[1] The trial court dismissed Anderson's defamation claim under the Texas Citizens Participation Act (TCPA),[2] and Anderson challenges that dismissal. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003, .005, .008.

---

[1]Specifically, in addition to Wheeler, Anderson sued Appellees Ben Altom, Yoanna Campos, Jessica Colon, John Durr, Jovita Flores, Adrianna Hernandez, Anthony Kepler, Yaiselym Solis, Tiffany Sterling, and Bill Tisdell.

[2]Anderson's live petition was ambiguous as to the nature of his claim. He pleaded a single "claim for relief," but that claim referenced "slander and defamation," "harassment," and "negligence." [Capitalization altered.] When the Board Members moved for dismissal under the TCPA, they interpreted Anderson's pleadings as asserting a defamation claim, and Anderson seemingly endorsed this interpretation—he responded to the TCPA motion by asserting that he had "established a prima facie case for defamation." [Capitalization altered.] The parties' appellate briefs continue to rely on this understanding of Anderson's claim. We thus do likewise.

In five issues, which we construe as two, Anderson argues that (1) the TCPA does not apply because Wheeler's statement was a false police report not protected by the First Amendment, *see* U.S. Const. amend. I; and (2) even if the TCPA applies, he presented prima facie evidence of defamation. Because (1) Wheeler's statement fell within the TCPA's definition of an "[e]xercise of the right of free speech," *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3); and (2) Wheeler's speculation about a future crime could not support a defamation claim, we will affirm.

## I. Standard of Review

The TCPA provides a three-step procedure for early dismissal of legal actions "that seek to . . . silence [Texans] on matters of public concern." *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceedings); *see Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).

In step one, the defendants moving for dismissal bear the burden to show that the TCPA applies, i.e., that the plaintiff's legal action is, as relevant here, "based on or is in response to . . . [the defendants'] exercise of . . . the right of free speech." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1)(A); *Youngkin*, 546 S.W.3d at 679–80. If the defendants make this showing, then they are entitled to dismissal unless the plaintiff satisfies step two. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), (c).

In step two, the burden shifts to the plaintiff to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c); *Youngkin*, 546 S.W.3d at 679–80. If he does so, the trial

3

court "may not dismiss [the] legal action" at that point. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

Step two does not necessarily end the matter. Step three gives the defendants one last opportunity to obtain a TCPA dismissal by "establish[ing] an affirmative defense or other grounds on which . . . [they are] entitled to judgment as a matter of law." *Id.* § 27.005(d). But again, the defendants reach this step only if the plaintiff carries his burden under step two. *See generally id.* § 27.005(c), (d).

We review de novo a trial court's ruling on a TCPA motion to dismiss. *See Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *McShirley v. Lucas*, No. 02-23-00229-CV, 2024 WL 976512, at *4 (Tex. App.—Fort Worth Mar. 7, 2024, pet. denied) (mem. op.).

## II. Discussion

Anderson argues that (1) the Board Members did not carry their burden under step one—meaning they failed to show that the TCPA applies—because Wheeler's allegedly defamatory statement was not an exercise of free speech; and (2) regardless, Anderson satisfied step two to avoid dismissal by presenting prima facie evidence of defamation.[3]

---

[3]Anderson also asserts that, at the TCPA hearing, the trial court "limited the presentation of evidence due to time constraints." But Anderson did not preserve this issue.

The alleged "limitat[ion]" that Anderson references came at the beginning of the TCPA hearing when the trial court noted that "30 minutes of time was requested

**A.  Step One:  Wheeler's statement was an "[e]xercise of the right of free speech" within the TCPA's definition of that term.**

First, Anderson asserts that the Board Members failed to show that his defamation claim was subject to the TCPA because Wheeler's allegedly defamatory statement was not protected by the First Amendment and thus was not an "exercise of . . . the right of free speech."  Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1)(A).

But the phrase "[e]xercise of the right of free speech" is a defined term in the TCPA; its scope is not equivalent to that of the First Amendment.  *See id.* § 27.001(3); *Youngkin*, 546 S.W.3d at 681 (holding that defendant's statement fell within statutory definition of "exercise of the right to petition" despite plaintiff's claim that First Amendment did not encompass the statement and explaining that "[i]t does not follow from the fact that the TCPA professes to safeguard the exercise of certain First Amendment rights that it should *only* apply to constitutionally guaranteed activities").

---

and allocated for [the] motion to dismiss."  Anderson did not object to this observation.  He presented just one exhibit and gave no indication that he needed additional time to present his case.  To the contrary, at the end of Anderson's presentation, he told the trial court that "that's all [he] ha[d] right now."

"If a party takes issue with a trial court's time-management rules, the party must preserve its complaint by raising a timely objection, obtaining an adverse ruling, and either making an offer of proof or filing a bill of exception to document the evidence that it was prevented from presenting."  *In re O.S.*, No. 02-23-00158-CV, 2025 WL 728107, at *12–13 (Tex. App.—Fort Worth Mar. 6, 2025, no pet.) (mem. op.) (holding appellant failed to preserve objections to time-management rules that limited presentation of evidence).  Anderson did none of these things.  So to the extent that he considered the 30 minutes allocated for the TCPA hearing unduly restrictive, he failed to preserve the issue.  *See* Tex. R. App. P. 33.1(a).

Rather, a statement qualifies as an "[e]xercise of the right of free speech" within the meaning of the TCPA if it is "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). A "[m]atter of public concern," in turn, is defined to include "a statement . . . regarding . . . a subject of concern to the public." *Id.* § 27.001(7)(c). "[W]e are bound by th[ese] statutory definition[s] for the purposes of the TCPA." *Youngkin*, 546 S.W.3d at 680–81 (reiterating that "[c]ourts must adhere to legislative definitions of terms when they are supplied").

The commission or report of a crime has long been recognized as a matter of public concern. *See, e.g.*, *Samples v. Estate of Brown*, No. 07-23-00225-CV, 2024 WL 3249335, at *4 (Tex. App.—Amarillo June 28, 2024, pet. denied) (mem. op.) (noting that the defendant's "theories on [the decedent's] cause of death were in connection with a matter of public concern because they involved a crime"); *McShirley*, 2024 WL 976512, at *4 ("It is well settled that the commission of a crime is a matter of public concern under the TCPA."); *Austin v. Amundson*, No. 05-22-00066-CV, 2022 WL 16945911, at *3 (Tex. App.—Dallas Nov. 15, 2022, no pet.) (mem. op.) ("[R]eporting a crime to law enforcement is a matter of public concern."). And although Anderson argues that a false report should be treated differently, recent Texas Supreme Court case law shows otherwise. *See Walgreens v. McKenzie*, 713 S.W.3d 394, 400–01 (Tex. 2025).

In *Walgreens*, a Walgreens employee accused the plaintiff of shoplifting and called the police, but the police ultimately determined that the plaintiff was not the culprit. *Id.* at 397. The plaintiff sued Walgreens based on the employee's "falsely accusing [the plaintiff] of theft to the police" and in front of other Walgreens customers and the employee's "detaining [the plaintiff] until [the police] arrived." *Id.* at 401 (internal quotation marks omitted). Applying the TCPA's multi-step procedure, the Texas Supreme Court recognized that the TCPA applied because the employee's accusations—though erroneous—"undoubtedly consisted of 'communication[s] made in connection with a matter of public concern'" as they involved the commission of a crime. *Id.* (citing *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017) for the rule that the "commission of crime [i]s a matter of public concern" (internal quotation marks omitted)).

Wheeler's report to the police that Anderson may commit a crime was likewise "a communication made in connection with a matter of public concern" whether or not it was erroneous. Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3), (7). As such, it met the TCPA's statutory definition of an "[e]xercise of the right of free speech." *Id.* § 27.001(3). Thus, we overrule Anderson's challenge to the TCPA's applicability under step one of the statutory procedure. *See id.* § 27.005(b). The Board Members were entitled to dismissal unless Anderson satisfied step two. *See id.* § 27.005(b), (c).

**B.**    **Step Two: Wheeler's speculation could not support a defamation claim.**

Anderson contends that he satisfied step two of the TCPA procedure by presenting prima facie evidence of each element of his defamation claim.

For purposes of our analysis, we assume without deciding that Anderson's pleadings and evidence established that Wheeler made the objectionable statement alleged in Anderson's live petition.[4]   Nonetheless, that statement—Wheeler's report that Anderson "may commit a crime or become some sort of threat"—could not support a defamation claim as a matter of law.

Defamation's four elements start with the basic requirement that the defendant made "a false statement of fact." *Lipsky*, 460 S.W.3d at 593 ("Defamation's elements include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases."); *see Dall. Morning News v. Tatum*, 554 S.W.3d 614, 623

---

[4]Anderson pleaded that Wheeler had "[al]lu[ded] to the police that [Anderson] may commit a crime or become some sort of threat or behavior."   But the precise words used in making this "[al]lusion" were unclear.   In Anderson's TCPA response, he asserted that "Wheeler [had] falsely stated to police that [Anderson] may commit a crime."   He filed a purported transcript of "[a] recorded audio file capturing [the] false oral statements," but the unorthodox transcript did not identify or distinguish between any of the speakers being quoted, much less did it identify the transcript's author or context.

Regardless, because we strive to reach the meat of an appellant's complaint whenever reasonably possible, we assume for purposes of this analysis that Wheeler's "[al]lu[sion]" to Anderson "commit[ting] a crime" took the form of an express statement to that effect, as Anderson's TCPA response claimed that it did.

(Tex. 2018) (recognizing that "the threshold requirement for [defamation] is the publication of a false statement of fact to a third party"). "[S]tatements that are not verifiable as false" are not statements of fact and cannot be defamatory. *Tatum*, 554 S.W.3d at 624–25, 638 (noting further that, "[i]n a defamation case, the threshold question is whether the words used 'are reasonably capable of a defamatory meaning'" and "[m]eaning is a question of law"); *see Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023) (reviewing TCPA motions to dismiss and noting that "[w]hether an alleged defamatory statement constitutes an opinion rather than a verifiable falsity is a question of law").

Here, Wheeler's statement "that [Anderson] may commit a crime or become some sort of threat" is a predictive opinion at best. The phrase "may commit . . . or become" indicates speculation about an event that might or might not occur in the future. *See May,* Merriam-Webster, https://www.merriam-webster.com/dictionary/may (last visited Feb. 23, 2026) (defining "may" as an auxiliary verb "used to indicate possibility or probability" and noting that it is "sometimes used interchangeably with *can*" or "where *might* would be expected"). Even if stated with confidence, such speculation expresses an opinion rather than a verifiable fact. *See Tatum*, 554 S.W.3d at 638 (explaining that "[a] statement that fails either test—verifiability or context [showing that it was not intended as a factual assertion]—is called an opinion"); *Steinhagen v. MC Trilogy Tex., LLC*, No. 05-24-00325-CV, 2025 WL 3758909, at *6–8 (Tex. App.—Dallas Dec. 29, 2025, no pet. h.)

9

(holding that TCPA dismissal was warranted because YouTube host's statements that people who posed a threat to the plaintiff "may go by the wayside" and that their lives "will be in jeopardy" were "unverifiable assertion[s] about possible future events" and could not support the plaintiff's defamation claim). And because the statement at the heart of Anderson's case was not a verifiable statement of fact, he did not present prima facie evidence of an actionable defamation claim.[5] We overrule his appellate arguments regarding step two of the TCPA procedure.[6]

Consequently, the Board Members were entitled to dismissal without needing to progress to step three. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), (c).

---

[5]At various points in the trial court proceedings, Anderson referenced other "false," "discredited," or "defam[atory]" statements allegedly made by the Board Members. For example, he referenced the Board Members' alleged text messages accusing him of taking improper actions to sell baseball lessons and their statements at the park that he was causing a disturbance, was making others uncomfortable, was scaring the children, and was presenting a threat. In his reply brief on appeal, Anderson relies on one of these statements—the alleged report to the police that he was causing a disturbance—to argue that his defamation claim was based on a "verifiable present-fact assertion" rather than a predictive opinion. But Anderson's live petition identified the sole defamatory statement at issue as Wheeler's "[al]luding to the police that [Anderson] may commit a crime or become some sort of threat or behavior." And in his response to the Board Members' TCPA motion, he listed out the elements of his defamation claim and pointed to Wheeler's "state[ment] to police that [Anderson] may commit a crime" as the defamatory statement at issue. We limit our review accordingly.

[6]Given this disposition, we need not address the Board Members' other arguments regarding Anderson's failure to carry his burden under step two. *See* Tex. R. App. P. 47.1.

10

### III. Conclusion

The TCPA applied to Anderson's defamation claim, and when the burden shifted to him to avoid dismissal, he did not present prima facie evidence of a defamatory statement of fact. Accordingly, we affirm the trial court's dismissal order. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: February 26, 2026

11